HENRY A. DEXTER *vs.* CANTON TOLL-BRIDGE COMPANY.

Kennebec.    Opinion December 27, 1887.

*Toll-bridges.    Weight of load, driver's weight included.    R. S., c. 50, § 3.*

The statute having prescribed the weight which may lawfully be transported across a toll-bridge, if it appears that the plaintiff's load exceeded such weight, and thereby the bridge is broken down and injuries are sustained by him, he is prohibited from recovering for such injuries.

The statute prohibition applies to "any loaded cart, wagon or other carriage,. the weight whereof exceeds forty-five hundred pounds, exclusive of the: *team* and *carriage*;" *Held*, the driver, though seated upon the carriage, is not a part of such team or carriage, and not being included in the statute: exception, his weight must be taken into consideration in determining the weight of the load.

ON exceptions and motion to set aside the verdict.

The case and material facts are stated in the opinion. .

*L. T. Carleton*, for plaintiff.

The verdict will not be set aside. 22 Maine, 133 ; 28 Maine,. 477 ; 40 Maine, 28 ; 36 Maine, 252. In 43 Maine, 484, the court say without citing any authorities, "We think the jury must have misapprehended the evidence or disregarded their duty." Another case in 50 Maine, 222, for injuries on a road,. $5,525.00, where no limbs were broken, was awarded, the court. without citing authorities say, "We are forced to the conviction: that the weight of evidence is clearly against the plaintiff, and. for this cause a new trial should be granted."

Again in 62 Maine, 20, Judge WALTON in drawing the opinion: said, "When a verdict is so clearly wrong as to satisfy the court that the jury must have acted corruptly or mistakenly it will be: set aside. But the court will not infer corruption or mistake: simply because the verdict is contrary to what the court deems. a mere preponderance of evidence."

Again in 62 Maine, 93, Judge WALTON in drawing the opinion said, "A verdict which has no other support. than the testimony of a deeply interested party to the suit, in opposition to the positive testimony of five intelligent unimpeached and disin-

·terested witnesses must be regarded as clearly manifestly against the weight of evidence."

Again in 69 Maine, page 208, the court say it is evident the verdict is so manifestly against the weight of evidence that it ·ought to be set aside. See 49 Maine, 427 ; 47 Maine; 9 ; 62 Maine, 128 and 473 ; 59 Maine, 418 ; 58 Maine, 454 ; 36 Maine, 252 ; 37 Maine, 221 ; 40 Maine, 217 ; 53 Maine, 171 ; 42 Maine, 362 ; 65 Maine, 285 ; 69 Maine, 159. In 75 Maine, 477, the court say, "One jury might arrive at one result and another .jury at another result, and yet both act honestly, the court has no right to set aside the verdict and put the parties to the trouble ·and expense of another trial." See further, 78 Maine, 569 ; 76 Maine, 282 ; *State* v. *Inhab. of Madison,* 59 Maine, 538.

It must be conceded that the legislature contemplated that a ·driver should accompany the team. The language of the statute in c. 50, § 3, "Or drives or transports over it any loaded cart, &c., the weight whereof exceeds 4,500 pounds, exclusive of the team and carriage, and thereby breaks it down," &c. And it would make no difference whether the driver was on the load, or walking on the bridge, indeed in the latter case the danger would be increased.

*John P. Swasey,* for the defendant, cited : R. S., c. 50, § 3 ; Shear. & Red. Negligence, 39, 251, 369, 418 ; *Orcutt* v. *Kittery Point Bridge Co.* 53 Maine, 500 ; *Bigelow* v. *Reed,* 51 Maine, 325 ; *Murphy* v. *Deane,* 101 Mass. 455 ; *Hinckley* v. *Cape Cod R. R.* 120 Mass. 262 ; *Hubbard* v. *Concord,* 35 N. H. 52 ; *Howe* v. *Castleton,* 25 Vt. 162 ; 46 N. H. 521.

FOSTER, J. The plaintiff brought suit against the defendant corporation to recover damages for injuries to his person and property sustained by reason of the breaking down of the center span of the defendant's toll bridge located across the Androscoggin river in the town of Canton.

At the time of this accident the plaintiff was driving across the bridge with a load of cord-wood, upon which he was seated, drawn by two horses. The bridge gave way, precipitating the plaintiff, together with the load and horses upon the ice below,

and inflicting severe injuries to the person and property of the plaintiff. He has brought this suit to recover the damages sustained, basing his action upon the alleged negligence of the corporation in the construction and repair of the bridge.

The case was tried in the Superior court for Kennebec county and the jury rendered a verdict for the plaintiff for $2,745.33 damages, and the defendant brings the case to this court on motion and exceptions.

1. One of the grounds of defence insisted upon at the trial, and now urged upon the attention of the court under the motion, is in reference to the weight of the load which was being transported over the bridge at the time it broke down.

By R. S., c. 50, § 3, it is provided in reference to toll bridges more than fifty feet in length from one abutment, pier or trestle part to another, that if any person, without the consent of the toll gatherer or agent of the corporation owning it, "drives or transports over it any loaded cart, wagon or other carriage, the weight whereof exceeds forty-five hundred pounds, exclusive of the team and carriage, and thereby breaks it down or injures it, neither he nor the owner of any property under his charge shall recover any damages against such corporation for his loss or injury."

The bridge in question is one to which the forgoing provisions apply, and no claim is made that any consent was asked or obtained to transport over it any load exceeding in weight that specified by statute.

It therefore became material in the trial of the case to determine whether the plaintiff, at the time the injuries were received, was violating the provisions of statute in relation to the weight of the load which was being transported across the bridge. The statute having prescribed the weight which might lawfully be transported across it, if the plaintiff's load exceeded that he is. prohibited from recovering, however severe the injuries which he may have received, or however great the damages he may have sustained.

The testimony from both sides shows that the plaintiff's load was composed of poplar, hemlock, white birch, beech and white

maple. For the plaintiff it is claimed that the load contained one cord and seven-eighths, and that its weight could not have exceeded 4,380 pounds. On the other hand the defence maintains that there were more than two cords upon the sled, and that its weight greatly exceeded 4,500 pounds.

We are aware of the well established rule that it is the province of the jury to weigh conflicting testimony, and that the court will be slow in disturbing a verdict unless there is sufficient to make it appear that the verdict was the result of improper bias, or prejudice ; or clearly against the weight of evidence (*Pollard* v. *Grand Trunk Railway Co.* 62 Maine, 93). Whenever it clearly appears that a verdict has thus been improperly rendered, it is the duty of the court in the furtherance of justice to set such verdict aside and grant a new trial.

It becomes unnecessary in this opinion to enter upon a detail of the evidence, or to refer particularly to the testimony of witnesses bearing upon the question of the weight of the plaintiff's load. We have given the case a thorough and careful examination, and from all the evidence upon this point, and one which appears to have been material in the decision of the case, —we are forced to the conviction that the weight of evidence so strongly preponderates against the plaintiff as to justify the the court in setting the verdict aside. For this cause the motion must be sustained.

2. The result would be the same were we to consider the case upon the exceptions alone.

The jury were instructed in effect that the weight of the driver or person in charge of the team was not to be taken into account in ascertaining the weight of the load. This we think was error, and by which the excepting party may properly claim to have been aggrieved.

In actions like this the statute prohibition applies to "any loaded cart, wagon or other carriage, the weight whereof exceeds forty-five hundred pounds, exclusive of the *team* and *carriage*."

It is an established rule in the construction and exposition of statutes that their language is to be understood in its plain,

obvious and ordinary signification, particularly if the words are of common use.

Applying this rule to the statute before us, we see no reason why we should seek to ascertain the intention of the lawgiver by going outside of the language used, or by engrafting any additional exception upon what expressly and plainly appears.

The very words of exception afford the strongest light by which we are enabled to read the legislative intent. No other words are embraced in this exception than "team and carriage." The driver or person in charge is not a part of either. Webster's Dic. Title, "Team," "Carriage." See R. S., c. 19, §§ 1 to 10 inclusive. The maxim, that the express mention of one thing implies the exclusion of another may be appropriately applied here. If it had been intended that the driver as well as the "team and carriage" was to be excluded in ascertaining the weight of the load that might lawfully be transported across such bridge, it would have been an easy matter for the legislature to have expressed such intention in language as clear as it has already done with reference to that which is excluded in express terms. Not having done so, we think we shall not be straining the construction by coming to the conclusion that it intended just what it said.

In the case of *Howe* v. *Castleton,* 25 Vt. 162, the court, from the peculiar phraseology of the statute under consideration in that case, held that the weight of the carriage, as also of the driver or person in charge of the load, should not be taken into account in ascertaining its weight. That decision was based upon a statute the phraseology of which differed essentially from the one now before us.

The entry must therefore be,

> *Motion and exceptions sustained.*
> *New trial granted.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.